## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## NOVEMBER SESSION, 1999

**FILED**

December 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | |
| | * | **No. 03C01-9905-CR-00206** |
| Appellee, | * | |
| | * | **HAMILTON COUNTY** |
| vs. | * | |
| | * | **Hon. Douglas A. Meyer, Judge** |
| JOHN WALTER SULLIVAN, | * | |
| | * | **(Attempted Second Degree Murder)** |
| Appellant. | * | |

For the Appellant:

**Hank Hill**
Hank Hill & Associates, Attorneys
701 Cherry Street, Suite 200
Chattanooga, TN 37402

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Michael J. Fahey, II**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**William H. Cox III**
District Attorney General

**H. C. Bright**
Asst. District Attorney General
313 Courts Building
600 Market Street
Chattanooga, TN 37402


OPINION FILED: _____

AFFIRMED


**David G. Hayes,** Judge

## OPINION

The appellant, John Walter Sullivan, was convicted by a Hamilton County jury of one count of attempted second degree murder. Following a sentencing hearing, the appellant was sentenced to ten years in the Department of Correction. The appellant contends that the evidence is insufficient to support a conviction for attempted second degree murder.

After review of the evidence, we affirm the judgment of the trial court.

## Background

On October 19, 1997, the Hamilton County Grand Jury returned an indictment charging the appellant with the attempted first degree murder of Linda Jackson. The case proceeded to trial on November 18, 1998, at which time the following proof was developed.

Linda Jackson, the victim, testified that she met the appellant at the community kitchen in Chattanooga. Both Jackson and the appellant were homeless. Soon thereafter, the couple began a romantic relationship, which continued over several months.

On July 19, 1997, Ms. Jackson was given a ride to the Conoco convenience store by a male friend. He dropped Ms. Jackson off at the store and she proceeded inside the store to "get [her] a cup of ice." The appellant, who apparently was in the immediate vicinity, saw Ms. Jackson and followed her into the store. Ms. Jackson immediately informed the cashier "to call the police because he's nagging me and he don't [sic] supposed to be around me." The appellant left. The cashier locked

2

the door and called the police. However, approximately five minutes later the cashier had to unlock the door as other customers were trying to enter. As soon as the door was unlocked, the appellant rushed into the store and "came at [Ms. Jackson] with a butcher knife." Ms. Jackson moved in an attempt to protect herself, however, her attempt was futile as the appellant stabbed her in the arm. Teresa McMillan, the cashier at the Conoco convenience store, corroborated the account of events provided by Ms. Jackson.

Chattanooga Police Officer James Hixson was on patrol the night of the stabbing and responded to a dispatch to the incident at the convenience store. Upon arriving at the scene and entering the store, he "noticed a large amount of blood on the floor. . ." and "Ms. Jackson standing there . . . [with] a towel wrapped around her arm. . . ." Ms. Jackson informed Officer Hixson that the appellant had stabbed her. She provided Officer Hixson with a physical description of the appellant. Other officers located the appellant "right down the block." At the time he was apprehended by the police officers, the appellant had disposed of the knife used in the attack.

Detective David Sowder with the Hamilton County Sheriff's Department testified that the appellant eventually led him to the location in a nearby yard where he had disposed of the knife. Detective Sowder stated that the appellant was very cooperative and provided a statement. In the statement, the appellant admitted that he stabbed Linda Jackson, his girlfriend, at the Conoco convenience market and that he "did it out of love." He explained that Linda was married and that they were having an affair. The appellant also asserted that Linda was "carrying his child." During his statement, the appellant began crying and stated that "[he] would never do it again."

Additionally, the appellant stated that he "hung out" at the Conoco market,

3

although he had previously been warned to stay away from the store. He did not know that Linda Jackson was going to be at the store. When Ms. Jackson got out of the car of another man, the appellant approached her and tried to talk to her. She responded that she didn't want to be bothered and entered the store. The appellant withdrew. Shortly thereafter, the appellant reentered the store; this time "[he] lost it, [he] just couldn't take it," and "stuck her." The appellant then walked out of the store and left. He explained that he carried the knife on his person at all times for protection. He also agreed that, "at the time, he was trying to kill her."

The night of the incident, Ms. Jackson underwent surgery on her hand. Ms. Jackson explained that, as the result of the stabbing, she can no longer "make a full fist and [she] can't hardly lift nothing [sic], and when it get [sic] real cold, it aches real bad."

At the close of the State's proof, defense counsel moved for a directed verdict as to the charge of attempted first degree murder. The trial court sustained the motion and ordered that the trial proceed on the charge of attempted second degree murder. After deliberations, the jury announced their verdict finding the appellant guilty of attempted second degree murder.

**Analysis**

In his only issue, the appellant contends that the evidence is insufficient, as a matter of law, to support a conviction for attempted second degree murder. He concedes that, at best, he is only guilty of attempted voluntary manslaughter. The trial court charged the jury on both offenses and the jury found the appellant guilty of attempted second degree murder.

4

When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979). We do not reweigh or reevaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

A defendant challenging the sufficiency of the evidence has the burden of illustrating to this court why the evidence is insufficient to support the verdict returned by the trier of fact. This court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In this case, the appellant was convicted of attempted second degree murder. Second degree murder is the "knowing killing of another." Tenn. Code Ann. § 39-13-210(a)(1) (1997). A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result. Tenn. Code Ann. § 39-11-106(a)(20) (1997). Attempted second degree murder may be proven by showing that the defendant "intentionally acted with the requisite culpability to commit the offense of murder in the second degree" and the defendant "could have been convicted of murder in the second degree . . . if he had actually killed the victims." See State v. Dale Nolan, No. 01C01-9511-CC-00387 (Tenn. Crim. App. at Nashville, Jun. 26, 1997), perm. to appeal denied, (Tenn. Mar. 2, 1998) (citations omitted). See generally Tenn. Code

Ann. § 39-12-101 (a)(1), (2), (3) (1997).  The appellant argues that the evidence supports only a conviction for attempted voluntary manslaughter.  Voluntary manslaughter is "the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner."  See Tenn. Code Ann. § 39-13-211(a) (1997).

Whether the acts of the appellant constitute a "knowing" attempt (second degree murder) or an attempt due to "adequate provocation" (voluntary manslaughter) is a question for the jury.  State v. Johnson, 909 S.W.2d 461, 464 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995).  The proof at trial established that the appellant confronted the victim at the Conoco market after he saw her exit the vehicle of another man.  Ms. Jackson sought assistance from the store cashier and the appellant retreated.  Sometime thereafter, the appellant reentered the store and stabbed the victim.  There is no proof that the victim said or did any thing to provoke the appellant.  Additionally, he later admitted to Detective Sowder that he was trying to kill the victim at the time of the incident.

Accordingly, we conclude, as a matter of law, that the evidence is sufficient to support a finding by the jury that the appellant is guilty of attempted second degree murder.  Tenn. R. App. P. 13(e).  The judgment is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:



_____
ALAN E. GLENN, Judge


_____
JOE H. WALKER, III, Special Judge